# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ALEXANDER GUZMAN-VASQUEZ,<br><br>  Petitioner,<br><br>  v.<br><br>ERIC HOLDER, JR., et al.,<br><br>  Respondents. | Case No. 14-cv-01421-BAS(BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING *IN FORMA PAUPERIS* APPLICATION; AND**<br><br>**(2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner filed his Petition on June 10, 2014, contemporaneously with motions for leave to proceed *in forma pauperis* and for a stay of removal. (ECF Nos. 1 ("Pet."), 2-3.) On June 11, 2014, the Court denied Petitioner's request to proceed *in forma pauperis* and dismissed the case without prejudice. (ECF No. 4.) On June 20, 2014, Petitioner filed a new *in forma pauperis* application. (ECF No. 5.) For the reasons set forth below, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis*, and **DISMISSES** the Petition without prejudice.

## I. BACKGROUND

Petitioner is a citizen of Guatemala and was previously a legal permanent resident of the United States. (Pet. at ¶ 17.) Pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 237(a)(2)(A)(iii), Petitioner was ordered removed as an alien convicted of an aggravated felony. (*Id*. at ¶¶ 17-18.) Petitioner waived appeal and was deported. (*Id*. at ¶ 18.) Petitioner reentered the United States after deportation and was arrested and charged with illegal re-entry. (*Id*. at ¶ 19.) Petitioner sought to reopen removal proceedings in the Immigration Court, but his motion was denied. (*Id.*) Petitioner's appeal of the denial to the Board of Immigration Appeals was dismissed. (*Id*. at ¶ 20.) Petitioner's Ninth Circuit appeal is currently pending. (*Id.*) Before this Court, Petitioner seeks restoration of his status as a lawful permanent resident and cancellation of removal.

## II. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

On June 20, 2014, Petitioner filed a request to proceed *in forma pauperis* which reflects that he has no funds in his trust account at the facility in which he is presently confined. (ECF No. 5.) Petitioner cannot afford the $5.00 filing fee. Thus, the Court grants Petitioner's application to proceed *in forma pauperis*.

## III. DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (citation omitted). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to the existence of [its] jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

///

///

///

1  This Court lacks subject matter jurisdiction over the Petition.  Title 8, section 1252, provides as follows:

> …no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g).  This provision was created to "eliminate[] district court habeas corpus jurisdiction over orders of removal and vest[] jurisdiction to review such orders exclusively in the courts of appeals."  *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) (citing *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-929 (9th Cir. 2005)).  "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5); *see also Lin v. Gonzales*, 473 F.3d 979, 981 n. 1 (9th Cir. 2007) (citing *Azarte v. Ashcroft*, 394 F.3d 1278, 1281 (9th Cir. 2005) ("The denial of a motion to reopen falls within our jurisdiction over final orders of removal (not issued *in absentia*) under 8 U.S.C. § 1252(a)(1), provided that the denial has been separately appealed.")); *Sarmadi v. INS*, 121 F.3d 1319, 1321-22 (9th Cir. 1997).  Petitioner's remedy is to file a petition for review in the United States Court of Appeals for the Ninth Circuit, which he has already done.  *See* Pet. at ¶ 20; Case No. 14-70488.[1]

## IV. CONCLUSION & ORDER

Accordingly, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis*.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

However, based on the lack of subject matter jurisdiction, the Court **DISMISSES** the Petition without prejudice.  The Clerk of Court shall enter

---

[1]   *See Guzman-Vazquez v. Holder*, Case No. 14-cv-1471-MMA(BLM) (S.D. Cal.) (dismissing substantially similar petition filed by Petitioner seeking the same relief *sua sponte* for lack of subject matter jurisdiction).

1   judgment accordingly.

2          **IT IS SO ORDERED.**

3

4   **DATED:  June 25, 2014**

5                                                                Hon. Cynthia Bashant
                                                                 United States District Judge